7-18-2014                                                          2014-101

ANDRAMEDIA ROBINSON,           :   IN THE COUNTY COURT IN AND
                                :   FOR BROWARD COUNTY, FLORIDA
        PLAINTIFF,              :
                                :   CASE NO. 16-04800 CONO
VS.                             :   JUDGE _____
                                :   DIV. _____ 73 STEVEN P DEL ___
CITY OF PLANTATION,             :
                                :   **SUMMONS/NOTICE TO APPEAR FOR**
        DEFENDANT.              :   **PRETRIAL CONFERENCE**

STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

Serve Defendant: **CITY OF PLANTATION, 400 N.W. 73rd Avenue, Plantation, FL 33317**, by serving the Mayor or the Chairperson of the City Commission, or in their absence, the Vice-Mayor or the Vice-Chairperson of the City Commission, or in his/her absence, any member of the City Commission (pursuant to Fla. Stat. §48.111).

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom __2__, located at 1600 W. HILLSBORO BLVD., Deerfield Beach, FL on _____ on __8-8-16__, at __9:00 AM__ for a **PRETRIAL CONFERENCE** before a Judge of this court.

## IMPORTANT — READ CAREFULLY
## THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES — APPEAR IN PERSON OR BY ATTORNEY.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

RECEIVED
JUL 18 2016

220-02 SUMMONS PRETRIAL

2014-101

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

JUN 2 8 2016

**DATED** at _____, Florida, on _____.

Filed by: Andramedia Robinson
Address 1245 South Powerline Road #104
         Pompano Beach, FL 33069

                                       **HOWARD C. FORMAN**
                                       **AS CLERK OF THE COURT**

By: RACHEL McCUTCHEON

A TRUE COPY
County Court Seal

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator within 2 working days of your receipt of this notice, contact 954-831-6364.

220-02 SUMMONS PRETRIAL

| IN THE COUNTY COURT IN AND FOR BROWARD COUNTY FLORIDA | | CLOCK IN 2014-101 |
|---|---|---|
| DIVISION:<br>[X] CIVIL<br>[ ] OTHER | **STATEMENT OF CLAIM** | A TRUE COPY<br>STEVEN P. DELUCA |
| PLAINTIFF(S)<br>Andramelia C. Robinson | vs. DEFENDANT(S)<br>City of Plantation | CASE NUMBER<br>16-04800 SP<br>DIV: |

The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for (As marked (x) below):

- [ ] Goods, wares and merchandise sold by Plaintiff, to Defendant;
- [ ] Work done and materials furnished by Plaintiff, to Defendant;
- [ ] Money loaned by Plaintiff to Defendant;
- [ ] Money due to Plaintiff upon accounts stated and agreed to between them;
- [ ] On a written instrument, copy of which is attached hereto;
- [ ] Rent for certain premises in Broward County, Florida, Viz;
- [X] Other (Explain)
- [ ] Any additional facts in connection with any of the above:
  (Use additional sheet if necessary)

_____See Attached_____

Where Plaintiff demands judgment in the sum of $ 5,000 together with court costs which the court may assess. The Plaintiff, says the foregoing is a just and true statement of the amount owing by the Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.
Affiant states that the Defendant(s) is/are not in the military service of the United States.

SWORN AND SUBSCRIBED BEFORE ME this _____ day of JUN 28 2016 , 20_____ .

| PLAINTIFF OR ATTORNEY | HOWARD C. FORMAN,<br>CLERK OF COURTS |
|---|---|
| ADDRESS OF PLAINTIFF/ATTORNEY<br>1245 South Powerline Rd #104<br>Pompano Beach, FL 33069 | by: ReeLee M[signature]<br>DEPUTY CLERK<br>NOTARY PUBLIC |
| PLAINTIFF/ATTORNEY TELEPHONE<br>(954) 235-8719 | State of Florida<br>MY COMMISSION EXPIRES: |
| ATTORNEY BAR NUMBER: | |

220-03 STATE OF CLAIM

2014-101

## ANDRAMEDIA ROBINSON v. CITY OF PLANTATION
## VERIFIED STATEMENT OF CLAIM

I, PLAINTIFF ANDRAMEDIA ROBINSON, *pro se*, sue the Defendant, CITY OF PLANTATION, and allege:

This is an action for damages in the amount of $5,000 for assault and battery; intentional infliction of emotional distress (state tort law); domestic terrorism in violation of Patriots Act Section 802; violation and deprivation of my constitutional, civil rights in violation of the First Amendment (free exercise, freedom of speech, freedom of assembly, freedom of association), Fourteenth Amendment (equal protection of the law) to the U. S. Constitution, the civil rights and in violation of the Civil Rights Act – 42 U. S. C. § 1983, and 42 U.S.C. § 14141; breach of peace; trespass; discrimination in violation of the Civil Rights Act – 42 U. S. C. §1981 and 1983; hate crimes against African American woman and against disabled person in violation of Local Law Enforcement Hate Crime Prevention Act (LLEHCPA) and violation of the Americans with Disabilities Act (ADA; conspiracy to deprive rights in violation of 18 U.S.C. §§ 241, 242, and 42 U.S.C. § 14141; and conspiracy to interfere with constitutional, civil rights in violation of 42 U. S. C. § 1985).

2. The incident from which this suit arises took place in Broward County, Florida.

3. Defendant CITY OF PLANTATION (hereinafter referred to as "CITY") is a municipal corporation located in Broward County, Florida, and is otherwise *sui juris*. Defendant CITY is a private corporation, whose Duns number is 07-846-6380, and is registered on Dun & Bradstreet, Inc.

4. Pursuant to Florida Statute §768.28, I notified Defendant CITY of my claim six months or more prior to filing this action and said claim was denied and/or could not be resolved. (Attached as Exhibit "A" hereto).

### INCIDENT FACTS

5. On November 16, 2013 in Plantation, Florida, near the intersection of Sunrise Blvd. and

-1-

University Drive, I and others were soliciting motorists on behalf of our non-profit charitable organization, which at that time had both City of Plantation and State of Florida active permits specifically allowing us to do so. Our organization is R & W Youth Gospel Jamz Explosion, Inc., a Florida non-profit corporation, of which I am a Director. I had those legal permits in my possession at the time.

6. City of Plantation, Incorporated, employee police officer L. Graber approached us, as we lawfully proceeding to the intersection of University drive and Sunrise Boulevard, and falsely stated to us: "You cannot solicit out here on our city and you cannot hold signs." I advised officer Graber that the First Amendment and the federal courts have held that we can hold signs and solicit here in her municipal corporation limits. Officer Graber facetiously and sarcastically stated: "Okay, Ma'am, Thank you for your cooperation." Then immediately Graber initiated a fraudulent police report, as she summoned Officer Mastrianni.

7. In about three minutes Officer Mastrianni arrived to our location at the said intersection and falsely stated to us that our solicitation activity on behalf of said Organization "violated a city ordinance." Mastrianni further stated: "Do me a favor and go over to that gas station where 7-11 is and solicit there." In turn I advised Mastrianni that it is against federal regulations and constitution law to order us over to the service station while allowing "Homeless Voice" to solicit, standing in exact like position as we are. Mastrianni replied: "They can do that. You can't." I advised Mastrianni that we and the "Homeless voice" have the exact same First Amendment Rights as also ruled by both the United States Supreme Court and Court of Appeals. Then Mastrianni stated: "You have three minutes to leave the city." As, I further explained our constitutional, civil rights to lawfully do exactly what we were doing, Mastrianni submitted a fraudulent report, as he summoned Sergeant Counsel to the scene to further domestic terrorize us.

8. Said officer Counsel disregarded our lawful permits that I showed them, having both State and incorporated municipality permits, and conspired to violate and deprive our First Amendment Constitutional Rights of Free Speech and Free Assembly and Free Association, and Counsel and Mastrianni wrongfully ordered us to immediately leave the area and threatened to arrest all of us if we did not comply.

9. At the same time, the same police officers Graber, Mastrianni, and Counsel refrained from ordering a man soliciting for a different charitable organization, "Homeless Voice," from leaving that same area, incorrectly stating to us even though the other organization could lawfully solicit in that area, we could not, thereby constituting violation and deprivation of our Fourteenth Amendment Right to equal protection of the law and discrimination.

10. Despite the fact that I knew said officers were lawfully incorrect and violating our rights, as well as committing trespass and breach of peace and other crimes by ordering us to leave, I complied with their order under protest for fear of my life as they became increasingly menacing and threatening with their hands on their guns. I was in fear of mine and the youth's lives; so I put our solicitation permits and other important papers into an envelope and then was stepping down from the median in order to leave when Sergeant Counsel, forcefully pushed me with his hand, nearly causing me to lose my balance and fall.

11. Said Sergeant Counsel then forcefully and violently shoved me off the walkway into the street into the oncoming traffic almost causing me to be hit by several cars and causing my assistive device (walker) and all my belongings to fall into the street twice (I am disabled and need my walker to walk.), as he continued to violently shove me as if I as some animal he was hurting.

12. Sergeant Counsel also violently snatched my multiple lawful documents out of my hand, grabbed me in a fit of totalitarian rage, and forcefully and violently shoved me all the way across the street.

13. As we were crossing the street, I tried several times to walk forward so that Officer Counsel would not injure me with his extremely violent and out out-of-control actions. Counsel continued shoving me in the back, tightly gripping my right arm near my shoulder in order to prevent me from escaping his violence, which is school yard technique of a bully to try to get me to raise my hand in defense at him so he could commit further violence against me and take me jail or possibly draw his gun and shoot me. Counsel kept grabbing me and pulling me back towards him so that he could push and shove me more and continue his violent abuse of a disabled person.

14. I repeatedly begged said officer to stop shoving me, and he stated: "What are you gonna do about it?" in deliberate attempt to coerce or force me to do something where he could beat me, taser me, arrest me, or possibly kill me. Yet he continued the same abuse and battery on me, a disabled person, apparently not fearing any consequences for his actions. He refused to take his hands off me even after we arrived at and were standing on the sidewalk on the other side of the street. Said officer continued to grip me tightly, hurting my arm and back, and he did not let go of me until I called 911 seeking help due to his continued physical abuse.

15. Throughout the above ordeal, I was in fear of my life and of further bodily harm from Sergeant Counsel, and said officer did intentionally inflict extreme bodily harm on me with his violent behavior.

16. I was not charged with a crime or ordinance violation, as I was within my constitutional rights and being lawfully licensed and permitted to carry out this activity; and there was no probable cause to charge me with anything, nor was there any reasonable suspicion that I was engaging in any illegal activity. There was no civilian complaint about our activity. I was unarmed and posed absolutely no danger to any officers or to any other civilians at any time; and there was absolutely no justification for Counsel's violent behavior for the continually battering and abusing me or for ordering me to leave the area, accept to show off his force and authority to Officer Mastrianni.

17. Office Mastrianni stood there as though he was watching a side show spectical of Counsel's continued abuse and degrading of me as a human, as though with the approval on his face for the actions being committed. My freedom of speech rights were violated by forcing me to leave while disregarding my lawful permits to solicit funds for my charitable organization, and my First Amendment and Fourteenth Amendment equal protection rights were violated and deprived by Officers Graber, Mastrianni, and Counsel, who allowed a similarly-situated person to continue soliciting on the side of the road, while prohibiting me from doing so, without justification. Said police officers L. Graber, Mastrianni, and Counsel simply wanted to assert their authority over an unarmed and defenseless person and to terrorize, harass, and abuse me and our organization members, with no apparent consequences for their actions, because we were engaging in completely lawful, permitted charitable solicitation activities in a public place.

18. The above-described actions of said officer who shoved and otherwise physically abused and humiliated me in public constitutes breach of the peace, official oppression, unlawful assault and battery, as said officers Counsel and Mastrianni intended to cause and did cause me to be in fear of my life and imminent bodily harm if I did not comply with their clearly unlawful, unconstitutional demands.

19. The above-described actions of said officer who shoved and otherwise physically abused me also constitutes a breach of the peace, unlawful battery, and trespass against my person, as he offensively touched and treated me, as an abuser would, against my will and without my consent. He had no lawful justification or authority to touch me <u>at all in this manner</u>, and even assuming, hypothetically, that he could lawfully lay a hand on me without my committing an actual crime is appalling just to enforce his will upon me. Sergeant Counsel used an unreasonable amount of violence and force to terrorize me into compliance and to teach me that his authority over me is absolute over me by continuously shoving and grabbing me unnecessarily, using force that he knows would cause me physical pain, and causing my walker and belongings to fall to the ground.

20. Was this officer operating upon me according to the standard policy and procedure of his municipal corporation charter or of his police policy and procedure handbook or general orders manual during the entire above-described ordeal? And were these actions being done with the knowledge and consent of his supervisor and the mayor and city council? Said officers were apparently acting in the course and scope of his employment for the City of Plantation, and as no action has been brought against these officers to date.

21. As a direct and proximate result of the assault and battery described hereinabove, I suffered physical pain, physical discomfort, emotional trauma, embarrassment, public disgrace and humiliation, and inconvenience. I will never forget this traumatic event, as it will affect me for the rest of my life, as I believed that our law enforcement, aka police department, was here to protect and to defend the weak and the helpless and not to terrorize, intimidate, coerce, batter, and abuse. This reality has now been shattered forever.

22. Upon approach, the officers were heavily armed and acted threatening and menacing, and placed the youth and me in fear of our lives. At this point the officers proceeded to kidnap and to falsely imprison us for about 45 minutes in violation of Florida Statue Chapter 787.01 (See Trezevant vs. City of Tampa), leading/causing the youths and me to be further terrorized during the kidnapping and false imprisonment. The officers failed to present identification when I requested. The youth and I were never Mirandarized. I was compelled to show my identification out of fear for my life in violation of the First and the Fifth Amendment to the U. S. Consitution and Kolender v. Lawson 461 U.S. 352 (1983) and Terry vs. Ohio (No. 67) 392 U.S. 1 and Terry vs. Ohio.

23. The Defendant CITY is a "persons," as that term is used in 42 U.S.C. § 1986. The Defendant CITY is respondeat superior and is vicariously liable for the said employees' (officers) above-described wrongful actions and omissions.

24. The Defendant respondeat superior CITY had prior knowledge of the wrongs conspired to be committed by said employees (police officers).

25. The Defendant respondeat superior had the power to prevent or aid in preventing the commission of the wrongs conspired to be committed by the said employees (officers), and which by reasonable diligence could have been prevented, but they neglected and/or refused to exercise such power.

26. As a direct and proximate result of the failure, neglect and/or refusal of the Defendant respondeat superior to prevent or to aid in preventing the commission of the wrongs conspired to be committed by above-said employees (officers), the Plaintiff has suffered injuries and damages as alleged herein.

27. The Defendant respondeat superior CITY's actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional, civil rights.

28. As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of her rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

29. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered physical harm, emotional trauma, loss of liberty, loss of privacy, public embarrassment and humiliation, and irreparable harm to her reputations.

**WHEREFORE**, Plaintiff ANDRAMEDIA ROBINSON now prays this honorable Court to enter a judgment of $5,000 against Defendant CITY for compensatory damages, plus the costs of this action, and such other relief as this Court deems just and proper in this premises.

## VERIFICATION

I, Andramedia C. Robinson, hereby declare pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief. Executed at Pompano Beach, FL, this ___ day of June 2016.

Respectfully submitted,

ANDRAMEDIA ROBINSON, *pro se*
1245 South Powerline Road, Unit 104
Pompano Beach, FL 33069
Pompano Beach, FL 33066
Tel. 754-235-8719

2014-101

ANDRAMEDIA C. ROBINSON
P.O. Box 669181
Pompano Beach, FL 33066
Tel. 754-235-8719

**CERTIFIED MAIL**
August 20, 2014

Risk Manager John McCarthy
City of Plantation
400 NW 73rd Avenue
Plantation, FL  33317

## NOTICE OF CLAIM

Dear Mr. McCarthy and staff:

Pursuant to Florida Statute Section 768.28, you are hereby notified that I am presenting a claim against the City of Plantation and certain individuals employed therewith for the violation of my civil rights as well as common law tort claims arising out of the battery on me and other mistreatment by members of the Plantation Police Department.

On November 16, 2013 in Plantation, Florida, near the intersection of Sunrise Blvd. and University Drive, I and others were soliciting motorists on behalf of our charitable organization, which had both City of Plantation and State of Florida active permits allowing us to do so. Plantation police officers falsely told us that our solicitation activity violated a city ordinance, disregarded our legal permits, and wrongfully ordered us to leave the area. At the same time, the same police officers refrained from ordering two men soliciting for a different charitable organization from leaving the same area, stating to us that the other organization could have solicitation activity, but we could not.

As I was putting my permits and other important papers into an envelope and stepping down from the median in order to leave the area, a Plantation police sergeant pushed me, nearly causing me to lose my balance and fall. He then forcefully shoved me off the walkway into the street, causing my assistive device (walker) and all my belongings to fall into the street twice. He also violently snatched my papers out of my hand, grabbed me, and forcefully shoved me all the way across the street.

When I tried several times to walk forward so that the sergeant would stop shoving me, he kept grabbing me and pulling me back towards him so that he could shove me more. I repeatedly begged him to stop, yet he continued the same abuse and battery on me, a disabled person. He refused to take his hands off me even after we arrived at and were standing on the sidewalk on the other side of the street. He continued to grip me tightly, hurting my arm and back and didn't let go until I called 911 because of the sergeant's physical abuse.

-1-

I was not charged with a crime or ordinance violation, and there was no probable cause to charge me with anything. I was unarmed and posed no danger to any officers or civilians, and there was no justification for battering and abusing me.

Furthermore, my freedom of speech rights were violated by forcing me to leave while disregarding my legal permits to solicit funds for my charitable organization, and my equal protection rights were violated by the police allowing two similarly-situated people to continue soliciting on the side of the road, while prohibiting me from doing so, without justification.

I am providing my Social Security Number and date and city of birth by separate letter submitted with this notice. There is no adjudicated claim in excess of $200.00 against me by any government entity.

You are required to conduct a "good faith" investigation to determine liability regarding tort claims within six (6) months of the date of this notice pursuant to Florida Statute Section 768.28(6)(a). Also, I have claims for violation of my constitutional/civil rights, including my freedom of speech and equal protection rights, for which this notice of claim is not legally necessary; however, I am notifying you of those claims as well to give you a reasonable opportunity to settle all of my claims.

Sincerely,

*[signature]*

Andramedia C. Robinson